

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 29, 1988

Honorable William P. Clements, Jr.
Governor
P. O. Box 12428
Austin, Texas    78711

Honorable William P. Hobby
Lieutenant Governor
P. O. Box 12128
Austin, Texas    78711

Honorable Gibson D. "Gib" Lewis
Speaker of the House
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-960

Re: Whether article 5115d, V.T.C.S., prohibits the use of the former Bexar County Jail as a privately operated jail for housing parole violators (RQ-1550)

Gentlemen:

You ask a question arising out of a proposal to reduce overcrowding in county jails and the Department of Corrections. It is proposed that the Commissioners Court of Bexar County contract with a private vendor who will renovate the old county jail building and then contract with the state to operate the facility to hold parole violators. See V.T.C.S. arts. 5115d, 6166g-2. A question has arisen concerning whether subsection (h) of article 5115d, V.T.C.S., prohibits the use of the former Bexar County jail building for this purpose. We address the narrow question you raise and do not address any other legal issues which may arise in connection with this proposal.

Article 5115d, V.T.C.S., authorizes the commissioners court of a county to contract with a private vendor "to provide for the financing, design, construction, leasing, operation, purchase, maintenance, or management of a jail, detention center, work camp, or related facility." V.T.C.S. art. 5115d(c). The statute includes the following prohibition:

> (h) The commissioners court of a county <u>may not convert a facility into a correctional facility operated by a private vendor</u> if, before the effective date of this article, the facility is:

> (1) operated as a correctional facility by the county; or
>
> (2) being constructed by the county for use as a correctional facility. (Emphasis added.)

V.T.C.S. art. 5115d(h).

You inform us by attachment to your request letter that the building in question housed the Bexar County Jail before April 14, 1987, the effective date of article 5115d, V.T.C.S., and for at least twelve months thereafter. See Acts 1987, 70th Leg., ch. 18, § 6, at 51, 52. The jail operations have been moved to a new facility, and the old jail facility is presently vacant, according to information submitted with your request letter. The old jail facility was directed to be closed a number of months ago by the Texas Commission on Jail Standards.

The answer to your question depends on the meaning of the prohibition in article 5115d(h), V.T.C.S., with particular attention to the language we have underlined in the quotation above. Subsection (h) of article 5115d, V.T.C.S., excepts certain facilities from the exercise of contractual authority granted the commissioners court by subsection (c) of that statute. Exceptions to statutes are strictly construed. See, e.g., Gulf States Utilities Co. v. State, 46 S.W.2d 1018 (Tex. Civ. App. - Austin 1932, writ ref'd).

We read the underlined language as prohibiting the commissioners court from converting a county-operated correctional facility into a correctional facility operated by a private vendor, if the county-operated facility was in operation or under construction by the county as of the effective date of article 5115d(h). The word "facility" is used throughout article 5115d, V.T.C.S., to refer to a correctional facility, and we believe it also has this meaning in subsection (h) of this statute. See V.T.C.S. art. 5115d(c), (d), (e)(1), (g).

The dictionary includes the following definitions of convert:

> . . . to change or turn from one state to another
>
> . . . to change or turn from one use, purpose, or function to another.

Webster's New International  Dictionary 499  (3d ed.  1961).
Implicit in the word "convert" used in subsection (h) is the
idea that  the property  is a  county-operated  correctional
facility at  the time  the commissioners  court attempts  to
convert it into  a privately operated  facility.  Thus,  the
application of article 5115d(h),  V.T.C.S., to the  contract
proposal you describe involves a threshhold inquiry:  Is the
property in question a county-operated correctional facility
at  the present time?

The former  Bexar County  jail building  is not  now  a
county-operated correctional facility.  Thus, if the commis-
sioners court entered into  the proposed contract, it  would
not convert  a  county-operated correctional  facility  into
a privately-operated  correctional  facility  but  instead
"convert" an abandoned building into a correctional facility
operated by a private  vendor.  The commissioners would  not
be barred by subsection (h) of article 5115d, V.T.C.S., from
entering into the contract.

Our construction of subsection  (h) is consistent  with
the legislative intent as documented by floor debates on the
bill which enacted article  5115d(h), V.T.C.S.  Senate  Bill
No. 251 of the 70th  Legislature, Acts 1987, 70th Leg.,  ch.
18, § 1,  at 47,  enacted article  6166g-2, V.T.C.S.,  which
authorizes the Texas Board  of Corrections to contract  with
private vendors or with the commissioners courts of counties
for the financing, construction, operation, maintenance,  or
management of secure correctional facilities.  The same bill
adopted the  amendments to  article 5115d,  V.T.C.S.,  which
allow the commissioners court  to enter into such  contracts
for local correctional facilities.

As introduced, Senate Bill No. 251 did not address  the
conversion of  public correctional  facilities into  private
correctional facilities.  During the  legislative process,
subsection (h) was added to  article 5115d, V.T.C.S., and  a
similar provision  was added  to article  6166g-2,  V.T.C.S.
Senator Ray  Farabee, the  author of  Senate Bill  No.  251,
stated in floor debate relevant to Department of Corrections
facilities that several provisions had  been put in to  meet
the concerns of public employee organizations,  specifically
that the legislation could not be used to privatize existing
prison facilities.  Representative Clint Hackney, the  House
sponsor, pointed out  in House floor  debate that no  public
employees' jobs would be interfered with.  His remarks  also
referred to the  Department of  Corrections, but  presumably
the same policy of protecting public employees from loss  of
jobs through privatization also underlies subsection (h)  of

article 5115d, V.T.C.S. The proposed contract to have a private vendor renovate the former Bexar County jail building and operate a facility for parole violators there should not interfere with the jobs of county employees engaged in operating the county jail.

We therefore conclude that the legislature did not intend subsection (h) to apply to properties that the commissioners court formerly operated as correctional facilities if the court, through good faith action, has terminated their use for that purpose. Section (h) of article 5115d does not prohibit the commissioners court from entering into the proposed contract regarding the former Bexar County jail facility. We emphasize that our conclusion is based upon the good faith clearly evident here. If the purpose of the change of use were a subterfuge to avoid the operation of article 5115d(c), our answer might well be different.

## S U M M A R Y

Subsection (h) of article 5115d, V.T.C.S., does not prohibit the use of the former Bexar County jail building as a privately operated correctional facility for housing parole violators.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General